UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| L. P., et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:10-cv-01309-TWP-TAB |
| | ) | |
| INDIANA STATE DEPARTMENT OF HEALTH, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON FEBRUARY 11, 2011, TELEPHONIC STATUS CONFERENCE**

The parties appeared by counsel February 11, 2011, for a telephonic status conference to address the State of Indiana's motion to join necessary party. [Docket No. 44.] That motion, which seeks to add the United States as a necessary party pursuant to Federal Rule of Civil Procedure 19, is opposed by both the United States and the Plaintiffs. Their opposition is well taken, particularly in light of Judge Pratt's January 27, 2011, entry granting Plaintiffs' motion for preliminary injunction.

The State's motion to join is premised largely on the contention that "without the federal government's involvement, the State of Indiana could be subject to inconsistent judgments based upon the loss of grant money if the State of Indiana does not comply with 42 U.S.C. § 666(a)(13)." [Docket No. 44 at 2.] The Plaintiffs' and the United States' opposition solidly undermines this contention, but Judge Pratt's grant of preliminary injunctive relief to the Plaintiffs provides the most significant blow. Perhaps most notably, Judge Pratt stated, "No evidence suggests that this old interpretation jeopardized Defendant's continued receipt of

federal funding. Finally, the Commissioner's own internal policies are inconsistent, perhaps even incoherent." [Docket No. 62 at 5.]

In short, there is no legitimate reason to believe the State is facing the loss of federal grant money, and thus the State has not established the necessary showing to join the United States as a party. Accordingly, the State's motion to join necessary party [Docket No. 44] is denied.

The State advised the Court that it had not yet determined whether it will seek to appeal the preliminary injunction ruling. If no such appeal is taken, counsel shall submit a case management proposal within 14 days after the appeal deadline. Given the nature of this action, the Court does not anticipate that the typical CMP will be required. Rather, counsel should consider whether a more pragmatic approach is simply to set a relatively prompt summary judgment deadline preceded by a brief period for discovery.

Dated: 02/14/2011

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Adam Clay
INDIANA ATTORNEY GENERAL
Adam.Clay@atg.in.gov

Kenneth J. Falk
ACLU OF INDIANA
kfalk@aclu-in.org

Jason A. Flora
EPSTEIN COHEN DONAHOE MENDES & SEIF
jason.flora@gmail.com

Betsy M. Isenberg
INDIANA OFFICE OF THE ATTORNEY GENERAL
Betsy.Isenberg@atg.in.gov

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE
jill.julian@usdoj.gov

Peter Jon Prettyman
TAFT STETTINIUS & HOLLISTER LLP
pprettyman@taftlaw.com

Gavin Minor Rose
ACLU OF INDIANA
grose@aclu-in.org

Abigail Lynn Seif
EPSTEIN COHEN DONAHOE & MENDES
abbyhur@aol.com

Geoffrey G. Slaughter
TAFT STETTINIUS & HOLLISTER LLP
gslaughter@taftlaw.com

Nathan Michael Swinton
UNITED STATES DEPARTMENT OF JUSTICE, CIVIL DIVISION
nathan.m.swinton@usdoj.gov